[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 05-12467
Non-Argument Calendar
_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 28, 2005
THOMAS  K. KAHN
CLERK

Agency No. A96-440-086

LING DONG,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(October 28, 2005)**

Before DUBINA, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Ling Dong, a native and citizen of China, petitions this Court to review the

final order of the Board of Immigration Appeals ("BIA"), which affirmed without

opinion the decision of the immigration judge ("IJ") denying Dong's application

for relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"), 8 C.F.R. § 208.16(c). [1] The IJ determined that Dong failed to establish that it was more likely than not that she would be tortured upon return to China. On appeal, Dong claims that because her father offended the Chinese government by failing to repay a debt and she is an illegal emigrant, she will be subject to arrest and continuous detention accompanied by beating and deprivation of food and clothing, by or at the acquiescence of the Chinese government, if she returns to China. After thorough review of the record and the parties' briefs, we deny the petition for review.

Where, as here, the BIA summarily affirms the IJ's decision, the IJ's decision becomes the final agency determination subject to review. See Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1284 n.1 (11th Cir. 2003). To the extent the IJ's decision was based on legal determinations, our review is de novo. Mohammed v. Ashcroft, 261 F.3d 1244, 1247-48 (11th Cir. 2001). The IJ's factual determinations are reviewed under the substantial evidence test, meaning that we will "affirm the IJ's decision if it is supported by reasonable, substantial, and

---

[1]We will not review Dong's arguments in support of asylum and withholding of removal under the INA because she withdrew these arguments during her hearing before the IJ. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1283 n.12 (11th Cir. 2001) ("there shall be no review of a claim 'if the alien has not exhausted the administrative remedies available to him as of right under the immigration laws and regulations.'" (citations omitted)).

probative evidence on the record considered as a whole." Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1286 (11th Cir. 2005) (quoting Al Najjar v. Ashcroft, 257 F.3d 1262, 1283-84 (11th Cir. 2001)). "To reverse the IJ's fact findings, we must find that the record not only supports reversal, but compels it." Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003) (withholding of removal claim). That evidence in the record may also support a contrary conclusion is not enough to justify a reversal. Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004), cert. denied, --- U.S. ----, 125 S. Ct. 2245, 161 L. Ed. 2d 1063 (2005).

At the evidentiary hearing before the IJ, Dong admitted that she entered the United States with a false passport and stated that she sought withholding only under the CAT. To qualify for withholding of removal under Article 3 of the CAT, the applicant must show that it is more likely than not that she will be tortured if returned to the country of removal. 8 C.F.R. § 208.16(c)(2). Torture is defined as:

> any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining from him or her or a third person information or a confession, punishing him or her for an act he or she or a third person has committed or is suspected of having committed, or intimidating or coercing him or her or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.

8 C.F.R. § 208.18(a)(1). CAT relief carries a higher legal standard than asylum, and thus is very difficult to meet. See Al Najjar, 257 F.3d at 1303. "[F]or an act to

constitute 'torture' under CAT, it must be: (1) an act causing severe physical or mental pain or suffering; (2) intentionally inflicted; (3) for an illicit or proscribed purpose; (4) by or at the instigation of or with the consent or acquiescence of a public official who has custody or physical control of the victim; and (5) not arising from lawful sanctions." Cadet v. Bulger, 377 F.3d 1173, 1181 (11th Cir. 2004).

Our review of the record reveals the following with regard to Dong's testimony in support of her application: (1) Dong testified she was pursued by Chinese police, but the harassment stopped after she and her father signed a document relating to the sale of their home; and (2) Dong stated that if she returned to China, she would be subjected to fines for having illegally departed the country. On this record, we conclude the evidence presented in this case would not compel a reasonable factfinder to find that it is more likely than not that Dong would be subjected to torture, within the meaning of Cadet, upon her return to China. Accordingly, we deny her petition for review.

**PETITION DENIED.**

4